1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHANDRA KISHOR,

11           Plaintiff,                    No. CIV S-08-0556 LKK GGH P

12       vs.

13   LINDA SHELTON, et al.,

14           Defendants.                   ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

Case 2:08-cv-00556-LKK-GGH   Document 5   Filed 04/25/08   Page 2 of 5

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3             The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8    U.S.C. § 1915A(b)(1),(2).

9             A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16            A complaint must contain more than a "formulaic recitation of the elements of a

17   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18   speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

19   "The pleading must contain something more...than...a statement of facts that merely creates a

20   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

22   standard, the court must accept as true the allegations of the complaint in question, Hospital

23   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

25   McKeithen, 395 U.S. 411, 421 (1969).

26   /////

1    Plaintiff's claims are difficult to understand.  However, it appears that plaintiff is

2  challenging the validity of both a criminal conviction and a parole suitability hearing.  Among

3  other things, plaintiff alleges that defendants conspired to falsely accuse him of robbery.  As

4  relief, plaintiff seeks money damages.

5    In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state

6  prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county

7  officials violated his constitutional rights, he sought damages for improprieties in the

8  investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

9  ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

10 charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

11 custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

12 complaint and held that:

13    in order to recover damages for allegedly unconstitutional
       conviction or imprisonment, or for other harm caused by actions
14    whose unlawfulness would render a conviction or sentence invalid,
       a § 1983 plaintiff must prove that the conviction or sentence has
15    been reversed on direct appeal, expunged by executive order,
       declared invalid by a state tribunal authorized to make such
16    determination, or called into question by a federal court's issuance
       of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
17    bearing that relationship to a conviction or sentence that has not
       been so invalidated is not cognizable under 1983.

18

19 Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

20 damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

21 conviction or sentence has been invalidated, expunged or reversed.  Id.

22    To the extent plaintiff seeks money damages concerning his criminal sentence or

23 parole suitability hearing, he cannot bring an action under § 1983 unless the conviction or finding

24 of unsuitability for parole have been invalidated, expunged or reversed.  Because it does not

25 appear that plaintiff's conviction or the decision by the Board of Parole Hearings finding him

26 unsuitable for parole have been invalidated, expunged or reversed, his claim for money damages

1  is barred pursuant to Heck.

2          It is possible that the court may have misunderstood plaintiff's claims.  For this

3  reason, the complaint is dismissed with leave to amend.

4          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

6  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

7  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

8  there is some affirmative link or connection between a defendant's actions and the claimed

9  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

10  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

11  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

12  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

15  amended complaint be complete in itself without reference to any prior pleading.  This is

16  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

17  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

18  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

19  original complaint, each claim and the involvement of each defendant must be sufficiently

20  alleged.

21          In accordance with the above, IT IS HEREBY ORDERED that:

22          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

23          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

24  The fee shall be collected and paid in accordance with this court's order to the Director of the

25  California Department of Corrections and Rehabilitation filed concurrently herewith.

26  /////

4

1          3.  The complaint is dismissed for the reasons discussed above, with leave to file

2  an amended complaint within thirty days from the date of service of this order.  Failure to file an

3  amended complaint will result in a recommendation that the action be dismissed.

4  DATED: 04/25/08

                                      /s/ Gregory G. Hollows

5

                                      UNITED STATES MAGISTRATE JUDGE

6  kish556.b

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26