IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANDRA KISHOR

       Plaintiff,                      No. CIV S-08-0556 LKK GGH P

     vs.

LINDA SHELTON, et al.,

       Defendants.               FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 25, 2008, the court dismissed the complaint with leave to amend. Pending before the court is the amended complaint filed May 19, 2008. For the following reasons, the court recommends that this action be dismissed.

       Plaintiff's claims are difficult to understand. Plaintiff alleges that he is suing defendants for "criminally violating his rights with persistently staging deceptions for pathologically rigged sentencing and parole hearings." Amended Complaint, court file doc. p. 4. Plaintiff appears to challenge the validity of both his criminal conviction and a parole suitability hearing. As relief, plaintiff seeks money damages.

       In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county

1

officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

To the extent plaintiff seeks money damages concerning his criminal sentence or parole suitability hearing, he cannot bring an action under § 1983 unless the conviction or finding of unsuitability for parole have been invalidated, expunged or reversed.  Because it does not appear that plaintiff's conviction or the decision by the Board of Parole Hearings finding him unsuitable for parole have been invalidated, expunged or reversed, his claim for money damages is barred pursuant to Heck.

To the extent plaintiff is asking the court to overturn his conviction or the decision of the Board of Parole hearings finding him unsuitable, the court cannot order such relief in a civil rights action.  Plaintiff must raise these claims in a petition for writ of habeas corpus.

Because it does not appear that plaintiff can cure the pleading defects discussed above, the court recommends that this action be dismissed.

1  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

2  These findings and recommendations are submitted to the United States District
3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
4  days after being served with these findings and recommendations, plaintiff may file written
5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
6  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
7  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
8  F.2d 1153 (9th Cir. 1991).

9  DATED:   06/24/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

11  koshor.dis